*E-FILED - 4/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DANIEL CORRALEJO, ) | No. C 08-0296 RMW (PR) |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| W.J. SULLIVAN, Warden, ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why the petition should not be granted.

## BACKGROUND

Petitioner was sentenced to fifteen years-to-life in prison after his conviction in the Los Angeles Superior Court for murder (Cal. Penal Code § 187). Petitioner challenges his disciplinary rules violation report ("CDC 115") resulting in a guilty finding that he participated in a prison riot at the Correctional Training Facility ("CTF") in Soledad, California. Petitioner seeks to overturn his guilty finding because he claims that it prevents his release on parole. Petitioner filed state habeas petitions in the state superior court which were denied on April 26, 2007 and September 7, 2007. Petitioner filed a

1 habeas petition in the state appellate court, which was summarily denied on October 12,
2 2007. Petitioner filed a habeas petition in the state supreme court, which was summarily
3 denied on December 12, 2007. Petitioner filed the instant petition on January 16, 2008.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claim</u>

Petitioner challenges his prison disciplinary hearing resulting in a guilty finding that he participated in a prison riot. Petitioner contends that there is no evidence to support the guilty finding. Petitioner maintains that he has a liberty interest in parole and that this disciplinary action will prevent the Board of Prison Terms from granting him parole. <u>See</u> petition at 6-6A. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1  not be granted. Respondent shall file with the answer and serve on petitioner a copy of all
2  portions of the underlying prison disciplinary record that have been transcribed previously
3  and that are relevant to a determination of the issues presented by the petition.
4      If petitioner wishes to respond to the answer, he shall do so by filing a traverse
5  with the court and serving it on respondent within **thirty days** of his receipt of the
6  answer.
7      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
8  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
9  Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file
10 with the court and serve on respondent an opposition or statement of non-opposition
11 within **thirty days** of receipt of the motion, and respondent shall file with the court and
12 serve on petitioner a reply within **fifteen days** of receipt of any opposition.
13     4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded
14 that all communications with the court must be served on respondent by mailing a true
15 copy of the document to respondent's counsel. Petitioner must keep the court and all
16 parties informed of any change of address by filing a separate paper captioned "Notice of
17 Change of Address." He must comply with the court's orders in a timely fashion. Failure
18 to do so may result in the dismissal of this action for failure to prosecute pursuant to
19 Federal Rule of Civil Procedure 41(b).
20     IT IS SO ORDERED.
21 DATED: 4/28/08

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge