1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5721
     Fax: (415) 703-5843
8    Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden Sullivan

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **EDWARD DANIEL CORRALEJO,**<br><br>Petitioner,<br><br>v.<br><br>**W. J. SULLIVAN, Warden,**<br><br>Respondent. | C08-296 RMW (PR)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Ronald M. Whyte |

TO PETITIONER EDWARD DANIEL CORRALEJO, IN PRO SE:

PLEASE TAKE NOTICE that Respondent W.J. Sullivan, Warden of the California Correctional Institution, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Federal Rules Governing Habeas Cases, on the grounds that Corralejo has procedurally defaulted. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the court records in this action, and other such matters properly before this Court. No hearing is requested.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner Edward Daniel Corralejo is a California state inmate serving an indeterminate life sentence for second degree murder. Corralejo alleges that the prison disciplinary hearing which found him guilty of participating in a prison riot violated his federal due process rights. However, because the state court clearly and expressly denied Corralejo's claim both for failure to exhaust his administrative remedies and for failure to provide sufficient evidence to meet his pleading burden, he is barred from obtaining habeas relief under the doctrine of procedural default. Accordingly, the petition should be dismissed.

## LEGAL STANDARD

When presented with a petition for writ of habeas corpus, district court judges may order the respondent to file an answer, motion or "take such other action as the judge deems appropriate." Federal Rules Governing § 2254 Cases, Rule 4. Specifically, judges may authorize a respondent to make a motion to dismiss in order to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Id.; see also Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (recognizing as proper a federal motion to dismiss federal habeas petition for failure to exhaust state remedies).

## ARGUMENT

### I.

### CORRALEJO'S HABEAS CLAIM IS BARRED BY PROCEDURAL DEFAULT.

Under the doctrine of procedural default, a federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief of those claims on a state law procedural ground that is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In the habeas context, the application of this doctrine is grounded in concerns of comity and federalism. *Id.* at 730. Without the procedural default rule, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the Supreme Court's] jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id.* at 730-31. Procedural

default will block a federal habeas claim so long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

### A. The State Court Based Its Denial of Corralejo's Habeas Claim on State Procedural Grounds.

In order for the federal court to enforce a state procedural bar the state court must have "declined to reach the issue for procedural reasons." *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The Supreme Court of California has stated that the requirement of exhaustion of administrative remedies is a fundamental rule of procedure. *Abelleira v. District Court of Appeal*, 17 Cal. 2d 280, 293 (1941). This requirement applies to petitions for habeas corpus. *In re Muszalski*, 52 Cal. App. 3d 500, 505 (1975). In addition, in order to meet the required pleading burden, a petitioner in the California state courts is required to "include copies of reasonably available documentary evidence in support of claims, including relevant portions of trial transcripts and affidavits or declarations." *People v. Duvall*, 9 Cal.4th 464, 474 (1995).

Here, looking through to the last reasoned state court decision, the Monterey County Superior Court clearly indicated that Corralejo's petition for habeas relief was denied on procedural grounds. *Ylst v Nunnemaker*, 501 U.S. 797, 804-06 (1991); (Ex. A, 9/7/07 Superior Court Denial). That opinion, citing *Muszalski*, 52 Cal. App. 3d at 508, states that Corralejo "failed to exhaust his administrative remedies" because he did not submit a timely appeal in accordance with title 15, section 3084.6(c) of the California Code of Regulations. (Ex. A.) Moreover, Corralejo's habeas petition was denied on the additional state procedural ground that he failed to include the "relevant Rules Violation Report," citing *Duvall*, 9 Cal.4th at 474. (*Id.*) That report, containing the disciplinary write-up at issue in Corralejo's claim, was reasonably available to Corralejo because the state prison provided him a copy of this report as required under title 15, section 3320 of the California Code of Regulations. (Ex. B, Rules Violation Report at 1.) Thus, by failing to attach the report, Corralejo failed to meet his pleading burden, and the state court appropriately denied his petition based on that procedural ground..

Corralejo's subsequent petitions to the California Court of Appeal and California Supreme Court were summarily denied. (Ex. C, 19/12/07 Appellate Court Denial; Ex. D, 12/12/07

Supreme Court Denial.) Accordingly, the last reasoned state court decision denied Corralejo's petition on purely procedural grounds, thus precluding federal habeas relief under the doctrine of procedural default.

### B. The Procedural Grounds on which the State Court Denied Corralejo's Habeas Claim are Independent of Federal Law.

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983). A state law is so interwoven if the state's "application of the procedural bar depend[s] on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

California's administrative exhaustion requirement falls entirely under state law, as the California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal law, but rather a long-established state rule. *Dexter*, 25 Cal.3d at 925 (describing administrative exhaustion requirement as a "general rule" and citing several California cases); *Muszalski*, 52 Cal.App.3d at 503 (describing requirement as "well settled as a general proposition"). Furthermore, under California law, the burden of proof in establishing grounds for habeas relief rests entirely on the petitioner. *Duvall*, 9 Cal.4th at 474. Hence, the state court properly denied Corralejo's petition on two independent state law grounds, and the doctrine of procedural default applies. (Ex. A.)

### C. The State Procedural Rules are Adequate State Law Grounds.

To be deemed adequate, the state-law ground for the decision must be well-established and consistently applied. *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)).

California's rule that an inmate must exhaust his administrative appeals is well-established and has been applied since 1941. *Abelleira*, 17 Cal.2d at 292.). In addition, California courts have consistently applied this rule since *Abelleira*. *E.g., Dexter*, 25 Cal.3d at 925; *Muszalski*, 52 Cal.App.3d at 503; *In re Serna*, 76 Cal.App.3d 1010, 1014 (1978); *Humes v. Margil Ventures, Inc.*, 174 Cal.App.3d 486, 494 (1985); *Wright v. State*, 122

1  Cal.App.4th 659 (2004). Also, California's pleading requirements have been consistently
2  followed by the state courts when evaluating habeas corpus petitions. *Duvall*, 9 Cal.4th at
3  475. Accordingly, the adequacy of these state procedural rules constitute a bar to federal
4  review of Corralejo's claim.

In summary, the two procedural grounds on which the state court based its denial of Corralejo's claim, failure to exhaust administrative remedies and failure to meet his pleading burden, preclude federal habeas review of his claims because they are independent state grounds and adequate to support the judgment.

## II.

### CORRALEJO BEARS THE BURDEN OF DEMONSTRATING THE INADEQUACY OF THE STATE COURT'S PROCEDURAL BAR.

Under Ninth Circuit jurisprudence, once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. *Bennett v. Mueller*, 322 F.3d 573, 586 (2003). The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. *Id.*

Respondent has shown that the California courts did not consider the merits of Corralejo's federal habeas claims because he failed to demonstrate that he had exhausted his administrative remedies and also failed to meet his pleading burden, and both are state procedural rules independent of federal law and adequate to support the judgment. (Exs. A, C, D.) Accordingly, the burden now rests on Corralejo to prove that both California's administrative exhaustion rule and its pleading requirements have been inconsistently applied in state habeas corpus proceedings. Alternatively, Corralejo must show cause and actual prejudice, or a miscarriage of justice. If Corralejo fails to meet this burden, the petition must be dismissed under the doctrine of procedural default.

///

# CONCLUSION

Because the California courts denied Corralejo's habeas petition due to his failure to exhaust his administrative remedies, as well as his failure to provide sufficient evidence to meet his pleading burden, the current petition for writ of habeas corpus is barred by the doctrine of procedural default. If Corralejo is unable to demonstrate the inadequacy of the state's procedural bar, Respondent respectfully requests that the petition be dismissed.

Dated: June 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIPFLER
Deputy Attorney General
Attorneys for Respondent Warden Sullivan[1]

63319022.wpd
SF2008400771

---

[1] The Attorney General wishes to acknowledge the substantial contribution of law student Tania Chozet in the preparation and writing of this pleading.

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.    *Corralejo v. Sullivan*
Case No. C08-0296 RMW (PR)

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Corralejo v. Sullivan**

No.:   **C 08-0296 RMW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 30, 2008, I served the attached

### NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS A - D

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Edward Daniel Corralejo, E-52119**
**California Correctional Institution**
**P. O. Box 608**
**Tehachapi, CA 93581**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 30, 2008**, at San Francisco, California.

| J. Baker | _(signature)_ |
| Declarant | Signature |

20119292.wpd

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED
SEP 07 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE   DEPUTY

In re )  Case No.: HC 5811
)
Edward Daniel Corralejo ) ORDER
)
On Habeas Corpus. )

On July 11, 2007, Petitioner Edward Daniel Corralejo filed a petition for writ of habeas corpus.

Petitioner is currently incarcerated at California Correctional Institution in Tehachapi.

While Petitioner was incarcerated at Correctional Training Facility, a riot broke out on February 7, 2006. On March 18, 2006, Petitioner was found guilty of participating in a riot. Petitioner was assessed 90 days forfeiture of credit.

In the instant petition, Petitioner claims that he was improperly found guilty of participating in a riot.

Petitioner has failed to exhaust his administrative remedies. See *In re Muszalski* (1975) 52 Cal.App.3d 500, 508. Petitioner has attached a letter dated June 18, 2007 from the Inmate Appeals Branch. According to this letter, Petitioner's appeal was returned to him because he failed to submit his appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with California Code of Regulations, title 15, section 3084.6(c).

In addition, Petitioner has failed to provide a copy of the relevant Rules Violation Report. *People v. Duvall* (1995) 9 Cal.4th 464, 474.

The petition is denied.

1

1 | IT IS SO ORDERED

2 | Dated: 09-07-07

Hon. Stephen A. Stillman
Judge of the Superior Court

Case 5:08-cv-00296-RMW   Document 7-2   Filed 06/30/2008   Page 4 of 11

# EXHIBIT B

7. 804 & COPY TO RECORD ON: 2-21-06 BY: [signature]  [ ] CMS  [ ] EOP  [XXX] NIMHP

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

TABE Reading Score above 4.0 ☒

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|
| E52119 | CORRALEJO | Lifer | CTF-NOR | WA353L | VI-02-06-018 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | Participating In A Riot | North B-yard | 2/7/2006 | 1355 |

**CIRCUMSTANCES**
On 2/7/2006, at approximately 1355 hours, staff observed a large group of White Inmates near light pole #8. As the White inmates advanced across the yard towards the Black inmates who were playing Football, Correctional Officer J. Maldonado announced CODE III via institutional radio. Within seconds of his call, a riot erupted at North Facility on the B yard involving approximately 450 inmates fighting each other. The disturbance required all on duty staff at CTF and additional staff from Salinas Valley State Prison to respond to B Yard to help quell the riot. Once staff gained control of the riot, cover and contact teams were formed. Staff began placing all inmates in restraints and clearing them off the yard, except inmates who were identified with injuries, which were separated by affiliation and contained in a separate dinning hall where medical treatment was rendered. Inmates identified with serious injuries were removed form the yard and escorted to North Health Care Service Unit for immediate medical care. Inmate **CORRALEJO, E52119, WA353L**, sustained the following injuries; bruised/discolored and reddened area on right eye area that are consistent as being an active participant in a riot. Inmate was removed from CTF-North and placed in Administrative Segregation.

Inmate **CORRALEJO** is aware of this CDC-115 RVR and the specific charge. Inmate **CORRALEJO** is not a mental health patient / participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. M. CARAVELLO, Correctional Lieutenant | 2/20/06 | Lieutenant, Unit VI, 2/W | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ S. V. TRUETT, Correctional Lieutenant | 2-20-06 | DATE 2-7-06 | LOC. SW | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | "D" 61-90 | 2-21-06 | ▶ R. N. SPENCER, Correctional Lieutenant | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ Osborn [signature] | DATE 2-21-06 | TIME 1800 | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| ☒ INCIDENT REPORT LOG NUMBER: CTF-NOR-06-02-0035 | BY: (STAFF'S SIGNATURE) ▶ C/O R. Shaw | DATE 3/15/06 | TIME 1200 | BY: (STAFF'S SIGNATURE) ▶ | DATE  TIME |

**HEARING:**
Inmate **CORRALEJO** appeared before the Senior Hearing Officer on 3/18/2006 at 1220 hours. The purpose for the hearing was explained. Inmate **CORRALEJO** stated that his health is good. Inmate **CORRALEJO** acknowledges receiving all copies of relevant documents more than 24 hours prior to this hearing.
(HEARING CONTINUED ON CDC-115 PART-C)

**FINDINGS:** Inmate **CORRALEJO** has been found **GUILTY** of being in violation of **CCR §3005(c)**, specifically **Participating In A Riot**. This finding is based on the information provided in the Rules Violation Report, in which the Reporting Employee, Correctional Lieutenant, **S. M. CARAVELLO**, documents that 1) On 02/07/06, at approximately 1355 hours, a riot erupted on the CTF-North Facility B-Yard, involving approximately 450 inmates fighting. 2) Inmate **CORRALEJO** sustained a bruised/discolored area on his right eye area, which is consistent with being an active participant in a riot; as documented on the CDC-7219 Medical Report of Injury or Unusual Occurrence, contained in Incident Report Log #CTF-NOR-06-02-0035.

**DISPOSITION:** Inmate **CORRALEJO** is assessed 90 Days Forfeiture of Credit, which is consistent with a Division "D" Offense, CCR §3323(f)(3); and was Counseled and Reprimanded. Inmate **CORRALEJO** was advised he will receive a completed copy of the CDC-115 RVR upon final audit by the Chief Disciplinary Officer. He was also advised of his right to appeal, the methods of appealing, and credit restoration procedures.

REFERRED TO ☐ CLASSIFICATION    ☐ BPT / NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ▶ D. B. SILVA, Correctional Lieutenant | ▶ D.B. [signature] | 3-18-06 | 1220 |

| REVIEWED BY: (TYPED NAME) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ J. SARELI, Unit VI Facility Captain | 5/22/06 | ▶ G. A. ORTIZ, Associate Warden | 5/22/06 |

| ☐ COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ Osborn [signature] | DATE 3-23-06 | TIME 1800 |
|---|---|---|---|

CDC 115 (7/88)

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E52119 | CORRALEJO | VI-02-06-018 | CTF-NORTH | 3/18/2006 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER ___

## HEARING CONTINUED:

Inmate **CORRALEJO** is not a mental health patient / participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made. Inmate **CORRALEJO** is fluent in English. He read the charges and stated he understands the charges and does not need assistance to defend himself. A review of the Educational Departments "T.A.B.E." Reading score test list was reviewed by the Senior Hearing Officer, pursuant to the Armstrong Remedial Plan. Inmate **CORRALEJO's** "T.A.B.E." Reading Score is above 4.0. A Staff Assistant was not assigned, as the criteria per CCR 3315(d)(2) were not met. An Investigative Employee was not assigned, as the inmate waived the assignment. Inmate **CORRALEJO** did <u>not</u> request the presence of the Reporting Employee nor any Staff or Inmate Witnesses. Inmate **CORRALEJO** stated that he is not in the Mental Health Services Delivery System at any level of care. I have read the charge to Inmate **CORRALEJO**.

**PLEA:** Inmate **CORRALEJO** pled **NOT GUILTY**, and stated, "I had nothing to do with the riot. I am a programming inmate. I got down and proned out when instructed, and other inmates began to kick me." The Inmate had no further statement for this hearing.

Reviewed By: _____ Date: 3/22/06
J. SARELI, Unit VI Facility Captain

Chief Disciplinary Officer: _____ Date: 3/22/06
G. A. ORTIZ, Associate Warden, CDO

| SIGNATURE OF WRITER: D. B. ___ | DATE SIGNED: |
|---|---|
| D. B. SILVA, Correctional Lieutenant | 3-18-06 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|
| D Osborn | 3-23-06 | 1900 |

CDC 115-C (5/95)

# STATE OF CALIFORNIA
# SERIOUS RULES VIOLATION REPORT
### DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E52119 | CORRALEJO | CCR§ 3005(c) | 2/7/2006 | CTF-NORTH | VI-02-06-018 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| ☐ I REVOKE my request for postponement | INMATE'S SIGNATURE ▶ | | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE ▶ N/A | DATE |
|---|---|---|---|
| ☑ REQUESTED | ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON  DNMC per 3315 (D)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE ▶ Edward Corralejo | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☑ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ ☐ | ☐ ☐ | | ☐ ☐ | ☐ ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charges, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INMATE CORRALEJO DOES NOT WANT THE Reporting employee or any other staff or inmate witnesses at this RVR Hearing X Edward Corralejo

ISSUE Final Copy

Osborn  DOM  3-23-06 - 1900

| ☑ COPY OF CDC 115A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ D OSBORN | INVESTIGATOR'S SIGNATURE ▶ | TIME 1800 | DATE 2-21-06 |
|---|---|---|---|---|

CDC 115-A(7/88)     ------ If additional space is required use supplemental pages ------

# EXHIBIT C

ORIGINAL

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| In re EDWARD DANIEL CORRALEJO, | H032100 |
| on Habeas Corpus. | (Monterey County Super. Ct. No. HC5619) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated  OCT 1 2 2007            _Premo_            Acting P.J.

Case 5:08-cv-00296-RMW     Document 7-2     Filed 06/30/2008     Page 10 of 11

# EXHIBIT D

Court of Appeal, Sixth Appellate District - No. H032100
S157397

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re EDWARD DANIEL CORRALEJO on Habeas Corpus

The petition for review is denied.

**SUPREME COURT**
**FILED**

DEC 1 2 2007

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice