****E-FILED - 12/15/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD DANIEL CORRALEJO, | ) | No. C 08-0296 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| W.J. SULLIVAN, Warden, | ) | (Docket No. 7) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2008, respondent filed a motion to dismiss based on procedural default. Petitioner has filed no opposition. For the reasons stated below, the court GRANTS respondent's motion and dismisses the case.

**BACKGROUND**

Petitioner was sentenced to fifteen years-to-life in prison after his conviction in the Los Angeles Superior Court for murder (Cal. Penal Code § 187). In his section 2254 petition, petitioner challenged his disciplinary rules violation report ("CDC 115") resulting in a guilty finding that he participated in a prison riot at the Correctional Training Facility ("CTF") in Soledad, California. Petitioner seeks to overturn his guilty finding because he claims that it prevents his release on parole. Petitioner maintains that he has a liberty interest in parole and

1  that this disciplinary action will prevent the Board of Prison Terms from granting him parole.

## DISCUSSION

3  Respondent asserts that because the state superior court denied petitioner's claim on state procedural grounds, petitioner procedurally defaulted his claims and subsequently, those claims are barred from review by this court.

On September 7, 2007, the Monterey County Superior Court issued an order denying petitioner's state habeas petition, raising the same issue in his federal petition. Resp. Ex. A. In the order, the superior court denied the petition for failure to exhaust administrative remedies because he failed to submit a timely appeal, citing In re Muszalski, 52 Cal. App. 3d 500, 508 (Cal App. 1975), and for failure of meeting his state pleading burden, citing People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995). Resp. Ex. A. The California Court of Appeal and the California Supreme Court both subsequently summarily denied petitioner's petitions without citation. Resp. Exs. C, D.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Id. at 750.

Where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). Under the look-through doctrine, the court will consider the independence and adequacy of the grounds in the last reasoned decision issued unless petitioner "has carried his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal claim." Id. at 806. Because petitioner has not opposed this motion, he has not met that burden, and the court will

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Corralejo296dis.prodef.wpd  2

consider the reasoned opinion of the Monterey County Superior Court.

A state ground is independent if it is not interwoven with federal law; that is, application of the rule is not dependent on an antecedent ruling of federal law. Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000). A state rule is adequate if it is firmly established and regularly followed by state courts at the time of the purported default. Lee v. Kemma, 534 U.S. 362, 389 (2002); Hill v. Roe, 321 F.3d 787, 790 (9th Cir. 2003). Once the state sufficiently pleads adequacy, the burden shifts to petitioner to make specific factual allegations demonstrating inadequacy, including citation to authority demonstrating inconsistent application of the rule. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003).

Here, Monterey County Superior Court's reasons for denial were based on failure to exhaust administrative remedies and failure to provide a copy of the "relevant Rules Violation Report."

Regarding the state rule requiring petitioner to exhaust, it is independent because the rule is not interwoven with federal law. See Park, 202 F.3d at 1152; see also Michigan v. Long, 463 U.S. 1032, 1041 (1983) ("If a state court chooses merely to rely on federal precedents as it would on the precedents of all other jurisdictions, then it need only make clear by a plain statement in its judgment or opinion that the federal cases are being used only for the purpose of guidance, and do not themselves compel the result that the court has reached."). It is adequate because California courts have required litigants to exhaust available state remedies before pursuing judicial remedies since 1941, see Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292 (1941), and has since been consistently applied, see, e.g., In re Muszalski, 52 Cal. App. 3d 500, 503 (1975); In re Serna, 76 Cal. App. 3d 1010, 1014 (1978); Wright v. State, 122 Cal. App. 4th 659 (2004).

Regarding the state rule requiring petitioner to provide documentary evidence under People v. Duvall, 9 Cal. 4th 464, 474 (1995), it is independent. Here, the Monterey County Superior Court cited to page 474 of Duvall. This portion of Duvall describes a habeas petitioner's duty under California law to "include copies of reasonably available documentary evidence supporting the claim." Id. at 474. This requirement is described in depth, and, though

1  page 474 contains numerous citations to California authorities, there are none to federal law,
2  thereby demonstrating its independence from federal law. See id.  Further, the rule is adequate
3  because California appellate courts have continued to affirm the Duvall requirements. See, e.g.,
4  In re Hawthorne, 35 Cal. 4th 40, 49 (2005); In re Seaton, 34 Cal. 4th 193, 205 (2004).  Likewise,
5  the Ninth Circuit has followed the California courts, citing Duvall page 474 as requiring
6  pleading with particularity and supporting documentary evidence. See, e.g., Griffey v. Lindsey,
7  345 F.3d 1058, 1066 n.11 (9th Cir. 2003) (vacated on other grounds as moot); King v. Roe, 340
8  F.3d 821, 823 (9th. Cir. 2003).
9       Because the State has pleaded the existence of the procedural bars, the burden shifts to
10 petitioner to come forward with specific factual allegations and citations to authority to
11 demonstrate that the rules are not consistently enforced. See Bennett v. Mueller, 322 F.3d 573,
12 585-86 (9th Cir. 2003).  However, in light of petitioner's failure to file an opposition to
13 respondent's motion to dismiss, he has failed to meet his burden.  It thus appears that the bar is
14 both adequate and independent.  Furthermore, petitioner does not attempt to show cause and
15 prejudice or a miscarriage of justice, the exceptions to the procedural bar rule. See Coleman,
16 501 U.S. at 750 (enumerating the exceptions and emphasizing their importance in the American
17 judicial system).  Accordingly, the petition is procedurally barred, and respondent's motion to
18 dismiss is GRANTED.

### CONCLUSION

20 For the foregoing reasons, respondent's motion to dismiss is GRANTED.  The petition is
21 DISMISSED.  The Clerk shall enter judgment, terminate all pending motions, and close the file.
22 This order terminates docket no. 7.
23 IT IS SO ORDERED.
24 DATED:  __12/11/08____                    _/s/ Ronald M. Whyte_
                                              RONALD M. WHYTE
25                                            United States District Judge